UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

UNITED STATES OF AMERICA,      )
           )
     Plaintiff,           )
           )
   vs.             )       Case No. 1:24 CR 90 RWS
           )
ERIC R. JEFFERS,        )
           )
     Defendant.         )

## MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to revoke detention order.  [20].  United States Magistrate Judge Joseph S. Dueker ordered defendant detained on the government's motion pursuant to 18 U.S.C. § 3142(f)(1), after finding the government established by clear and convincing evidence that defendant presents a danger to the community, and by a preponderance of the evidence that defendant is a flight risk.  ECF 18.  The government opposes defendant's motion.  ECF 21.  After *de novo* review, the Court will adopt the Magistrate Judge's order of detention and reasons as it agrees fully therewith. Accordingly, the Court will deny defendant's motion.

### Legal Standard

The Court reviews the detention order *de novo*, without deference to the Magistrate Judge's findings.  United States v. Maull, 773 F.2d 1479, 1481-82 (8th

Cir. 1985).  The Court is "required to analyze the conditions of release to determine whether any would give reasonable assurance of appearance." Id. at 1485.

A defendant retains the constitutional presumption of innocence.  18 U.S.C. § 3142(j).  A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions . . . will *reasonably assure* the defendant's appearance." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003) (citing United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985)); 18 U.S.C. § 3142(c), (e)-(f).  "[E]ither danger to the community or risk of flight is sufficient to authorize detention." United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (cleaned up).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

2

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

"Reviewing without deference does not require the district court to start over in every case and proceed as if the magistrate's decision and findings do not exist." United States v. Cook, 87 F.4th 920, 924 (8th Cir. 2023) (cleaned up). "If the district court agrees fully with the magistrate's order and reasons, it may adopt the order." Id. (citing cases). The district court need not "prepare its own written findings of fact and statement of reasons." Id. at 925 (cleaned up).

## Discussion

Defendant argues that he should be permitted to post bond because he poses no threat to the community and he is not a flight risk. Defendant points out that he held steady employment prior to his arrest and has a stable family life. The Court will consider the arguments raised in the motion as part of its *de novo* review. The Court has reviewed the entire record, including the government's motion for detention (ECF 3), the Pretrial Services Office's bail report (ECF 16), the Order of Detention (ECF 18), the recording of the detention hearing held on July 11, 2024,

and the parties' briefing on the instant motion (ECF 20, 21).  Having done so, it agrees fully with the Magistrate Judge's order and reasons.

Here, defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  He was arrested after law enforcement observed him arriving at a drug deal armed with a stolen semi-automatic firearm and an extended magazine loaded with 28 rounds of ammunition.  Although the detention order incorrectly noted that defendant has extended ties outside the United States, it remains true that defendant is a multi-state offender with arrests and/or convictions in Illinois, Kentucky, and Missouri.  ECF 16.  The Court agrees with the Magistrate Judge's assessment that defendant poses a risk of flight and non-appearance based in part on his significant ties to Illinois and Kentucky, along with his history of failing to appear, failing to report as directed, and absconding, not to mention his substance abuse history which continues into the present, all of which are set out at length in the bail report.  ECF 16.

The Court agrees with the Magistrate Judge's assessment that there is no condition or combination of conditions that would reasonably assure defendant's appearance and the safety of any other person and the community.  Although the defendant downplays the seriousness of criminal history by arguing that it was remote in time, defendant's extensive criminal history includes drug distribution, assault on his wife, and theft.  Given the serious nature of the charged crime, his

extensive criminal history, which includes a history of engaging in new criminal conduct while on supervision, and his history of failing to appear, the Court concludes, like the Magistrate Judge, that defendant's actions, history, and characteristics have shown that he is not a good candidate for release.  See Cook, 87 F.4th at 925 (history of absconding and failing to appear weigh heavily in favor of finding serious flight risk and justify detention despite more recent efforts at stable living arrangements).

## Conclusion

Based on *de novo* review of the entire record, the Court finds the circumstances warrant detention as the government has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community, and has shown by a preponderance of the evidence that no condition or set of conditions will reasonably assure defendant's appearance.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to revoke order of detention [20] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of August, 2024.